UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ERIC SEIFERT, | : |
| Plaintiff, | : Civil Action No. 19-12770 (SRC) |
| v. | : OPINION |
| SF&P ADVISORS, INC., | : |
| Defendant. | : |

**CHESLER**, District Judge

This matter comes before the Court on Defendant SF&P Advisors, Inc.'s motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or in the alternative, to transfer venue. Plaintiff Eric Seifert has opposed the motion. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will grant Defendant's motion to transfer venue and will transfer this action to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1406(a). Insofar as the motion seeks dismissal for lack of personal jurisdiction, it will be denied as moot in light of the transfer.

I.   **BACKGROUND**

This is an action for breach of contract and unjust enrichment. Plaintiff Eric Seifert ("Plaintiff" or "Seifert") is, and was at all relevant times a resident of New Jersey. Defendant SF&P Advisors, Inc. ("Defendant" or "SF&P") is a Florida corporation, headquartered in Boca

Raton, Florida. According to the Complaint, SF&P is engaged in the business of providing "valuation, accounting, research and financial analysis services primarily to . . . contractors in the heating, air conditioning and plumbing businesses." (Compl., ¶ 2.) Its services are focused on mergers and acquisitions within the HVAC and plumbing industry. The work done by SF&P includes locating buyers and/or sellers for the aforementioned types of businesses.

From October 2015 to June 2018, Seifert worked for SF&P in some capacity, whether as an employee, independent contractor or consultant. The Complaint alleges that, "beginning on or about October 20, 2015, Plaintiff agreed to provide services to Defendant in exchange for the payment of a salary and a percentage of fees earned by Defendant on the purchase and/or sale of a business in which Plaintiff was a participant in finding a buyer or seller." (Id., ¶ 4.) Seifert alleges that he rendered these services primarily from his home office in Tenafly, New Jersey. According to SF&P's President, Fred Silberstein, "Seifert was the only independent contractor/consultant for SF&P who worked outside of Florida." (Silberstein Aff., ¶ 9.) Seifert claims in his Complaint that SF&P failed to compensate him for his work on two transactions and also seeks a declaration as to his rights with respect to commissions allegedly earned on to two other transactions.

Plaintiff filed this action in the Superior Court of New Jersey, Bergen County, asserting claims for breach of contract, unjust enrichment, and declaratory relief. On May 21, 2019, Defendant removed the action to the United States District Court for the District of New Jersey. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(1).

**II.     DISCUSSION**

SF&P, a Florida corporation, maintains that it lacks sufficient contacts with the state of New Jersey to support personal jurisdiction and thus moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2). The Third Circuit has held that, on a Rule 12(b)(2) motion, "the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009).

This Court, sitting in diversity, "may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." Id. New Jersey's long-arm statute, N.J. Ct. R. 4:4-4, authorizes personal jurisdiction "as far as is permitted by the Fourteenth Amendment to the United States Constitution." Decker v. Circus Hotel, 49 F. Supp. 2d 743, 746 (D.N.J. 1999); see also Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971) (holding that New Jersey's long-arm rule "permits service on nonresident defendants subject only to 'due process of law'"). The Fourteenth Amendment's due process clause "limits the power of a state court to render a valid personal judgment against a nonresident defendant." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). It is well-established that a determination of whether due process permits a court to assert its power over a nonresident defendant must focus on "the defendant's relationship to the forum State." Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. ___, 137 S. Ct. 1773, 1779 (2017).

In that regard, Supreme Court jurisprudence has recognized two types of personal jurisdiction, general ("all purpose") jurisdiction and specific ("case-linked") jurisdiction, which are distinct based on the nature and extent of the defendant's contacts with the forum. Id.;

3

Goodyear Dunlop Tires Operations., S.A. v. Brown, 564 U.S. 915, 919 (2011). General jurisdiction applies when the defendant's "affiliations with the State are so 'continuous and systematic as to render them essentially at home in the forum state." Goodyear, 564 U.S. at 919 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 317 (1945)). Where general jurisdiction exists, the defendant's contacts with the state need not be related to the litigation, and, indeed, the forum court "may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different state." Bristol-Myers Squibb, 137 S. Ct. at 1780 (citing Goodyear, 564 U.S. at 919). Specific jurisdiction, in contrast, exists where the litigation arises out of or relates to the defendant's contacts with the forum. Id. This means that "there must be 'an affiliation between the forum and the underlying controversy, principally [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" Id. (quoting Goodyear, 564 U.S. at 919) (alteration in original). Where a court has specific jurisdiction, its authority is limited to adjudicating issues related to the very controversy on which that jurisdiction is based. Id.; see also Chavez v. Dole Food Co., Inc., 836 F.3d 205, 223 (3d Cir. 2016) (holding that courts may exercise specific jurisdiction over foreign defendants "when the cause of action arises from the defendant's forum related activities").

In its motion to dismiss, SF&P argues that there are no grounds for this Court to exercise either general or specific personal jurisdiction over SF&P. Seifert, Defendant notes in its moving brief, makes the conclusory assertion in his Complaint that SF&P has "sufficient minimum contacts with the State of New Jersey" to establish personal jurisdiction. (Compl., ¶ 5.) Defendant states that, although the Complaint sets forth no supporting facts, Plaintiff appears to invoke principles of specific jurisdiction and base its existence solely on Plaintiff's unilateral

4

decision to live in New Jersey and work for SF&P remotely from his home for his own convenience. This kind of unilateral activity by Seifert does not establish, Defendant argues, that SF&P "purposefully directed [its] activities at residents of the forum," which is essential for specific jurisdiction to exist over a nonresident party. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

In response, Plaintiff does not dispute the lack of specific jurisdiction over SF&P. Instead, he argues that general jurisdiction over SF&P exists based on its continuous and systematic contacts with New Jersey. Plaintiff concedes that "Defendant did not maintain its own business office in New Jersey, have employees in New Jersey, maintain a New Jersey phone number, maintain a bank account, own assets in New Jersey or advertise in New Jersey." (Op. Br. at 5.) Nevertheless, he contends that SF&P has subjected itself to personal jurisdiction in New Jersey based on the following affiliations with the State: SF&P's president, Fred Silberstein, supervised Seifert's work (performed in New Jersey) and directed him to visit clients and potential clients in New Jersey for the benefit of SF&P; Silberstein and others on SF&P's staff communicated with Seifert on a near-daily basis by telephone, text and e-mail; Silberstein came to Seifert's New Jersey office on March 22, 2017 to discuss business matters; and Silberstein and Seifert made joint client visits in New Jersey on two occasions. Seifert adds that SF&P directed his compensation to New Jersey, sending checks to Seifert's home office or wiring money to the bank accounts he maintained in New Jersey.

Plaintiff's effort to establish general jurisdiction falls far short of the standard set by the Supreme Court. The Court has "made clear that held that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." Daimler AG v.

Bauman, 571 U.S. 117, 137 (2014). For an individual litigant, the "paradigm forum for the exercise of general jurisdiction" is his or her domicile; for a corporation, the paradigm bases for general jurisdiction are the place of incorporation and the principal place of business. Id. (citing Goodyear, 564 U.S. at 924). This is not to say, the Supreme Court has explained, that general jurisdiction is necessarily limited to those fora, but the "continuous and systematic" affiliations required for general jurisdiction to attach in another place must rise to a level that would permit the forum to be regarded as the foreign litigant's practical home. Id. at 137-38. In Daimler, the Court expressly rejected as "unacceptably grasping" an application of the general jurisdiction analysis which would find that general jurisdiction attaches "in every State in which a corporation engages in a substantial, continuous, and systematic course of business." Id. at 138 (internal quotations omitted). The governing inquiry, the Supreme Court has held, is "not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" Id. at 139 (quoting Goodyear, 564 U.S. at 919).

Plaintiff's proffered facts concerning SF&P's contacts with New Jersey by and large stem from Plaintiff's own decision to work remotely in New Jersey for this Florida corporation based on his personal convenience. Communicating with Plaintiff in New Jersey, directing his compensation to this State, and developing business in New Jersey do not, under Goodyear and Daimler, rise to the "continuous and systematic" level required for this Court to exercise general jurisdiction over SF&P. Defendant is, indisputably, a Florida corporation with a its principal place of business in Boca Raton, Florida. On the facts presented, the Court concludes that

6

Defendant is simply not "at home" in New Jersey. Plaintiff has therefore failed to carry his burden of establishing personal jurisdiction over Defendant.

While the Court could, under these circumstances, dismiss the action under Rule 12(b)(2), a district court has broad discretion to decide whether to dismiss a case for lack of personal jurisdiction and improper venue or, alternatively, to transfer the action. <u>Cote v. Wadel</u>, 796 F.2d 981, 985 (7th Cir. 1986). The Third Circuit has held that, where the Plaintiff has a bona fide basis for believing there is personal jurisdiction, transfer of the action to another district where the action could have clearly been brought would serve the interests of justice. <u>Schwilm v. Holbrook</u>, 661 F.2d 12, 15-16 (3d Cir. 1981). In this case, Plaintiff, though mistaken, set forth facts which indicate a good faith belief that SF&P's had sufficient contacts to support the exercise of personal jurisdiction in a New Jersey forum. This bona fide dispute between the parties concerning personal jurisdiction militates in favor of the Court's consideration of Defendant's alternative plea to transfer venue to the Southern District of Florida.

Transfer of venue is governed by two statutes: 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406. "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 878 (3d Cir. 1995). To determine whether the original venue for this case is proper, the Court must look to 28 U.S.C. § 1391, which provides as follows:

> (b) Venue in general. A civil action may be brought in - -
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The federal venue statute further provides that "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2).

Under Section 1391, the District of New Jersey is not an appropriate venue in which to lay this action. The sole Defendant, for reasons the Court has discussed, does not reside in New Jersey. Nor is there any indication that a substantial part of the events giving rise to this action occurred in New Jersey. While Plaintiff worked from his New Jersey office, his claims for unpaid commissions would appear to concern the location where such compensation decisions were made.

Thus, the Court looks to Section 1406 to evaluate Defendant's motion insofar as it seeks a transfer to the Southern District of Florida. Section 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The transferor court need not have jurisdiction over the defendant to transfer a case under 28 U.S.C. § 1406(a). <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 466 (1962)). "By allowing for transfer in lieu of dismissal, the statute . . . was designed to

prevent any injustice from occurring and save time and resources, should a plaintiff erroneously choose the wrong forum in which to bring an action." NCR Credit Corp. v. Ye Seekers Horizon, Inc., 17 F. Supp. 2d 317, 319 (D.N.J. 1998) (citing Goldlawr, 369 U.S. at 466).

As a corporation of the State of Florida with its principal place of business in that same State, Defendant clearly resides in Florida, within the meaning of Section 1391(b)(1). Accordingly, the Southern District of Florida is a venue in which this action could have been brought. The Court, in its discretion, therefore finds that a transfer to that venue is appropriate under Section 1406(a).

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion insofar as it seeks to transfer venue. Pursuant to 28 U.S.C. § 1406(a), and in the interests of justice, venue of this action will be transferred to the United States District Court for the Southern District of Florida.

An appropriate Order will be filed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: July 2, 2019